IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA
                                                               RESPONDENT

v.                    CASE NO. 04-6070 (civil)
                           01-60017 (criminal)

DONNIE R. LONG                                          MOVANT

<u>O R D E R</u>

This case comes before the Court on Movant's Second Petition Pursuant to 28 U.S.C. § 2255 (Doc. 152) and the Government's response (Doc. 156). For the reasons stated below, Movant's Second Petition Pursuant to 28 U.S.C. § 2255 is GRANTED.[1]

The facts and procedural history of this case are more completely set out in the briefs of the parties (*See* docs 152 and 156), and are only briefly recounted herein. Movant was found guilty in a trial by jury on February 20, 2002 of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The United States advised Movant that it would be pursuing a sentencing enhancement under the Armed Career Criminal Act ("ACCA") due to a 1996 judgment from the Circuit Court of Jefferson County, Arkansas

---

[1] Movant has also filed a Motion for Expedited Disposition of Pleadings (Doc. 154) and an Amended Motion for Expedited Disposition of Pleadings (Doc. 155) as well as a Motion for Release on Bond Pending Resolution of Exceptional Issue in Habeas Action Pursuant to 28 U.S.C. § 2255 (Doc. 153). Given the rulings made in this Order, those motions are DENIED as moot.

which stated the Movant had been convicted of three counts of delivery of a controlled substance. The Probation Office determined that since Movant had three prior state convictions for serious drug offenses, he was subject to the statutory minimum of 15 years imprisonment pursuant to 18 U.S.C. § 924(e) and therefore subject to the ACCA enhancement pursuant to U.S.S.G. § 4B1.4.

The court allowed the parties to fully brief the issue of whether ACCA applied. Applying the enhancement gave Movant an incarceration range of 188 to 235 months, while denial of the enhancement subjected Movant to an incarceration rage of 41 to 51 months. The Court determined the ACCA did not apply and sentenced Movant to 51 months of imprisonment, 3 years supervised release, $1000.00 fine, and a $100.00 special assessment.

The Eighth Circuit Court of Appeals affirmed Movant's conviction, but reversed his sentence due to the error of the District Court in not applying the ACCA. The Eighth Circuit held the three counts to which Movant had pled did not constitute a single conviction, but three separate deliveries on three separate dates. *See United States v. Long*, 320 F.3d 795 (8th Cir. 2003).

On re-sentencing the District Court followed the mandate of the Eighth Circuit to apply the ACCA and Movant was re-sentenced to 188 months of imprisonment, 3 years supervised release, and a $1000.00 fine. Movant attempted to continue the re-sentencing as to challenge one of the prior convictions on which the ACCA

enhancement was based.  Movant's motion for a continuance was denied.  Movant then filed a Motion pursuant to 28 U.S.C. § 2255, which was denied by the District Court.  The District Court also denied the request for a Certificate of Appealability and this ruling was upheld by the Eighth Circuit Court of Appeals.

Movant now comes before the court in his second Motion pursuant to 28 U.S.C. § 2255, after having obtained permission to file the successive petition on September 26, 2006.  Movant contends that of the three charges from 1996 on which his ACCA enhancement was based, he was only convicted of two charges and the third charge was nolle prossed.  The government agrees with these facts, and an Order was issued in February 2006 clarifying Movant's prior convictions.  However, the government contends Movant's petition may be barred by the statute of limitations.  The statute allows a one year limitation on filing a Section 2255 motion.  The applicable standard in this case is that "[t]he time shall run from the latest of . . . (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  28 U.S.C. § 2255, ¶ 6.  The government agrees that should this court determine the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence" is earlier than May 5, 2005 (one year before Movant filed his successive 2255 motion in the Court), then Movant is not entitled to relief.

However, if the date is after May 5, 2005, then the Movant is entitled to his requested relief.

To prevail on a Section 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States. *Bear Stops v. U.S.,* 339 F.3d 777, 781 (8th Cir. 2003). Under paragraph 6(4), a § 2255 petition is timely if it is filed by a federal prisoner within one year of "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." The plain language of paragraph 6(4) makes clear that Movant must show the existence of a new fact, while also demonstrating he acted with diligence to discover the new fact. *E.J.R.E. v. United States*, 453 F.3d 1094, 1097 (8th Cir. 2006). Movant contends the amendment in February 2006 constitutes a new "fact" under paragraph 6(4).

The United States Supreme Court held in *Johnson v. United States*, 544 U.S. 295 (2005) that a vacated state court conviction was a qualifying fact under paragraph 6(4) of 28 U.S.C. § 2255. In *Johnson,* the petitioner was convicted of a federal drug crime and was subsequently sentenced as a career offender under the United States Sentencing Guidelines. *Id.* at 298,. The career offender enhancement was predicated on Johnson's two prior state court convictions for cocaine distribution. *Id.* Thereafter, Johnson petitioned for writ of habeas corpus in state court, and one of the convictions used by the federal district court to enhance his

sentence was vacated. *Id*. at 300-01. Johnson then filed a § 2255 motion in district court to vacate his enhanced federal sentence, which was denied. *Id*. at 301. The Eleventh Circuit affirmed, reasoning that a state court order vacating a conviction was not a fact for purposes of paragraph 6(4). *Id*. at 301-02. The Supreme Court granted certiorari. *Id*. at 302. Although the Court ultimately concluded that petitioner did not qualify for relief under paragraph 6(4) because he failed to act with diligence, *id.* at 311, the Court noted, as a preliminary matter, that Johnson's vacated state court conviction was a qualifying fact under 28 U.S.C. § 2255, ¶ 6, because a predicate conviction has long been understood to be "subject to proof or disproof like any other factual issue." *Id.* at 307.

Under the precedent in *Johnson*, it is clear that the February 2006 clarification of the predicate convictions is a qualifying fact for the purposes of 28 U.S.C. § 2255. The only remaining question is whether the Movant acted with due diligence. In our case, Movant acted with diligence, and he attempted at re-sentencing to bring up the sufficiency of his prior conviction. Movant also attempted to contact his state-court attorney, to document what he recalled as a grant of "immunity" on one of the three charges in 1996. The circumstances of the predicate conviction were not clear until February 2006 when the state court clarified the prior convictions. As the government concedes, this

date is within the limitations period and Movant's Second Petition Pursuant to 28 U.S.C. § 2255, As Authorized by the United States Court of Appeals for the Eighth Circuit (Doc. 152) is GRANTED.

Movant's sentence is corrected from a term of imprisonment of 188 months to time served.  The previous sentence remains in effect as to the length of supervised release, fine, and special assessment imposed.  Movant shall be immediately discharged from the custody of Bureau of Prisons.  An amended judgment, consistent with this Order, shall be issued.

IT IS SO ORDERED.

Dated:   October 20, 2006
                                      */s/ Robert T. Dawson*
                                      Robert T. Dawson
                                      United States District Judge